# ADDENDUM TO THE PRESENTENCE REPORT

**Sentencing Judge:** HONORABLE PERCY ANDERSON
**Defendant:** NOVOTNY, Edward John
**Docket No.** CR11-00886
**Sentencing Date:** February 13, 2012
**Defense Counsel:** Bruce Edward Colodny (Retained)
909-862-3113

The presentence report (PSR) was disclosed to the parties on January 6, 2012.

## REVISIONS

After the PSR was disclosed, the defendant supplied information regarding the correct dates of his parents' deaths, his medical and mental health background, and his employment history. The PSR has been revised to reflect this information.

## OBJECTIONS

### By the Government

On January 20, 2012, the United States Probation Office received the "Government's Response to Presentencing Report." On January 31, 2012, the United States Probation Office received the "Government's Sentencing Position Regarding Defendant Edward John Novotny." In its position papers, the Government made the following objections to the PSR:

1. The Government objects to the offense level calculations in the PSR and argues that relevant conduct should include all the firearms possessed by the defendant at the time search warrants were served at his residence.

   **Probation Officer's Response**

   As noted in the PSR, the defendant was charged with the illegal transportation of firearms acquired outside of state of residency. The defendant further admitted to illegally transporting 15 firearms into California. While there were several other firearms found at the defendant's residence, some of which could not have been legally purchased in California, the Government has not provided any evidence

showing that these firearms were illegally transported into California. Accordingly, the possession of these additional firearms, which may or may not have been legally purchased and/or transported into California, is not considered relevant conduct to the offense of conviction. As such, the Probation Officer respectfully stands by the offense level calculations in the PSR.

## By the Defendant

On January 21, 2012, the United States Probation Office received "Defendant Edward John Novotny's Position Re: Pre-sentencing Report and Sentencing Factors; Objections and Requested Corrections to the Pre-Sentencing Report; and Suggested Sentence." In his position paper, the defendant made the following objections to the PSR:

1.  The defendant argues that Paragraphs 5 and 104 of the PSR are "somewhat accurate" but misleading with regard to forfeiture and clarifies that the plea agreement limits the assets to be forfeited to the property identified in the Indictment.

    **Probation Officer's Response**

    The paragraphs in question are only meant to provide a brief summary of the plea agreement/forfeiture provisions and do no purport to describe every detail of the plea agreement. To the extent the defendant offers clarifying information regarding forfeiture, the Probation Officer takes no position.

2.  The defendant provides additional or clarifying information with regard to the information contained in Paragraphs 12, 14, 15, 44, 45 and 50 of The Offense Conduct and Offense Behavior Not Part of Relevant Conduct sections of the PSR.

    **Probation Officer's Response**

    The information contained in the contested paragraphs was obtained from the Government and was accurately summarized in the PSR. To the extent the defendant disagrees and/or provides clarifying information regarding these paragraphs, the Probation Officer takes no position.

3.  The defendant argues that the information contained in Paragraph 55 regarding his March 17, 2011, arrest is misleading and provides information regarding the defendant's surrender to state authorities on that matter.

**Probation Officer's Response**

Paragraph 55 of the PSR summarizes the information contained on the defendant's rap sheet and the docket from his pending firearms-related state case. To the extent the defendant provides clarifying information regarding this arrest, the Probation Officer takes no position.

4. The defendant either objects to as incorrect, or provides clarifying information about, information contained in Paragraphs 59, 63, 69, 73, 82, 90, 91, 93 and 97 regarding the date of his parents' deaths, his residence, medical condition, mental health condition, employment history and income.

   **Probation Officer's Response**

   The PSR has been revised to correct factual mistakes. To the extent the defendant provides clarifying information regarding these paragraphs, the Probation Officer takes no position.

5. The defendant argues that his unlawful conduct may have been the result of an uncontrollable obsession resulting in a significantly reduced mental capacity and argues that a departure may be warranted under U.S.S.G. § 5K2.13.

   **Probation Officer's Response**

   Guideline § 5K2.13 provides that a downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. If a departure is warranted under this guideline, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense. A departure is prohibited under this guideline if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of certain types of offenses.

   In this instance, the defendant reports a history of depression but does not indicate that he suffers from any other mental health disorders. While a departure does not appear prohibited under U.S.S.G. § 5K2.13, the defendant has not shown how his depression

or other mental disorder is linked to his conduct in the instant matter. Further, the defendant has not shown that his depression or other mental disorder was exceptional as compared to a similarly situated offender. Accordingly, Probation Officer does not recommend a departure from the advisory guideline range on this basis. However, should the Court find the defendant's arguments compelling, it could consider the defendant's depression (or other mental health problems) as a mitigating factor under 18 U.S.C. § 3553(a) and vary below the advisory guideline range.

6. The defendant argues that a departure is warranted based on a combination of factors, including his age, mental health, physical condition, employment record, lack of criminal history and the fact that he was not selling firearms as his primary source of income.

**Probation Officer's Response**

None of factors referenced by the defendant are prohibited grounds for departure under the guidelines. Thus, the Court may conclude that although standing alone these factors do not support departure, in combination they are exceptional and warrant departure. Similarly, the Court also may rely on any of the factors mentioned by the

defendant, alone or in combination, as grounds to vary below the advisory guideline range pursuant to 18 U.S.C. § 3553(a).

          Respectfully submitted,

          MICHELLE A. CAREY
          CHIEF PROBATION OFFICER

          ALEXIS BERG
          U. S. Probation Officer
          213-894-3614

Reviewed and Approved:

TERESA M. BRANTLEY
Supervisor
213-894-6023

AB:ab
02/07/2012

Date Disclosed:   **FEB 7 2012**

G:\COMMON\DOCS\T07\NOVOTNY_EDWARD_126330_PA_ADM1.WPD